UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-08416-MEMF (SK) Date: August 10, 2026

Title Charles Ammons v. California Department of Corrections

Present: The Honorable: Steve Kim, United States Magistrate Judge

| A. Silva-Elder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Petitioner Charles Ammons is a California state prisoner currently incarcerated at Pleasant Valley State Prison in Coalinga, California. In what he styled as a "Petition for Writ of Habeas Corpus," petitioner alleges that he has suffered "numerous instances of deliberate indifference" and received "inadequate conditions of confinement" at multiple state facilities from 2025 onward. (ECF 1 at 3). Petitioner has also attached to his petition multiple grievance forms, some of which were evidently filed and later denied at the early stages of internal administrative review. (*Id.* at 8-18). As plead then, the petition facially concerns only "jail or prison conditions." (*Id.* at 2).

While the Court is sympathetic to petitioner's situation, this Court has no jurisdiction via a habeas petition under § 2254 (or § 2241) to address his challenges to his present conditions of confinement. For state prisoners like petitioner, a habeas petition provides "the exclusive remedy to attack the legality of [a] conviction or sentence," whereas a § 1983 civil rights action is "the exclusive vehicle for suits about prison life."[1] *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016). At the claims level, "a prisoner's claim is at 'the core of habeas corpus' if it (1) 'goes directly to the constitutionality of [the] physical confinement itself' and (2) 'seeks either immediate release from that confinement or the shortening of its duration.'" *Pinson v. Carvajal*, 69 F.4th 1059, 1069 (9th Cir. 2023) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489

[1] Petitioner is evidently aware of this distinction, insofar as he has also filed a (still pending) habeas petition raising due process challenges to his state conviction and sentence with this Court: *Charles Ammons v. Chapman*, Case No. 2:25-cv-11049-MEMF-SK.

(1973)). Conversely, "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside" the core of habeas corpus relief. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Nor can petitioner's claims be saved by converting his improper § 2254 petition into a federal civil rights lawsuit under 42 U.S.C. § 1983. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). The petition is not "amenable to conversion on its face," because it neither "names the correct defendants" nor "seeks the correct relief." *Nettles*, 830 F.3d at 936; *see Pinson*, 69 F.4th at 1076.

* * *

As a result, petitioner is ORDERED TO SHOW CAUSE in writing by no later than **August 31, 2026** why his § 2254 petition should not be dismissed for lack of jurisdiction. Petitioner may discharge this order by voluntarily dismissing this action without prejudice using the attached Form CV-09y. Failure to file a timely notice of voluntary dismissal may lead instead to involuntary dismissal—with no further warning or notice—for failure to prosecute and obey court orders. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

IT IS SO ORDERED.